968 F.2d 21
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John August ANTONELLI, Defendant-Appellant.
 No. 91-6396.
 United States Court of Appeals, Tenth Circuit.
 June 3, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 On June 11, 1990, John August Antonelli pled guilty to violations of 21 U.S.C. §§ 841(a)(1) and 846 (1988), pursuant to a plea agreement. He was represented by Attorney Michael Gassaway, whose services Mr. Antonelli retained. He did not appeal the judgment of conviction. In this appeal of the district court's denial of his subsequent motion pursuant to 28 U.S.C. § 2255 (1988), Mr. Antonelli asserts that Mr. Gassaway's representation of him was so inadequate as to deny him his Sixth Amendment right to effective assistance of counsel. He also asserts that his guilty plea was neither knowing nor voluntary, and that Brady v. United States, 397 U.S. 742 (1970), requires reversal.
 
 
 3
 Applying the test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), the district court denied Mr. Antonelli's motion, finding that the record belied the assertion that Mr. Gassaway had not informed Mr. Antonelli of factors material to his decision to plead guilty and that Mr. Antonelli had not established prejudice. The district court further found that the guilty plea was both knowing and voluntary. After reviewing the record, we conclude that the district court did not err and affirm for substantially the reasons given in the order entered below.
 
 
 4
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3